[L. A. No. 30.    Department One.—November 30, 1896.]

## A. P. YEARSLEY, APPELLANT, v. SUNSET TELEPHONE AND TELEGRAPH COMPANY, RESPONDENT.

MASTER AND SERVANT—NEGLIGENCE—TELEPHONE LINEMAN.—A lineman of a telephone company, who, while engaged in stringing a line of wire upon certain telephone poles, voluntarily climbs a tree to arrange the wire, and while so employed is injured by the breaking of the limb upon which he was standing, cannot recover for the injury from the company.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.    W. H. CLARK, Judge.

The facts are stated in the opinion of the court.

*McComas & Schutze,* for Appellant.

*Graff & Latham,* for Respondent.

GAROUTTE J.—Plaintiff brought an action against defendant to recover damages for personal injuries received by him while in its employ. He was non-suited, moved for a new trial, and now appeals from the judgment, and also from the order denying his motion.

The facts may be briefly stated as follows: Plaintiff was a lineman of defendant, a telephone and telegraph company, and was ordered by defendant to string a line of wire upon certain telephone poles. A pepper tree, situated upon private land and between two of these poles, was to some extent an obstruction in stringing the wire. Thereupon plaintiff climbed the tree, and, while engaged in arranging the wire, the limb upon which he was standing gave way, and he was precipitated to the ground with serious injury to himself.

The judgment of nonsuit was properly granted, as we fail to discover by the record any evidence of negligence upon the part of the defendant. Appellant's argument goes to the extent that defendant was guilty of negligence in furnishing defective appliances to be used in stringing the wires. But it cannot be claimed that this pepper tree was an appliance furnished by defendant. It belonged to a stranger, and was upon private property. Even conceding it an appliance, and a defective one, it was one of plaintiff's own choosing, and he must bear the burdens resulting from a bad exercise of judgment upon his part. Let us suppose plaintiff had fallen from a defective fence encountered in the line of his duty while stringing this wire, and had suffered injuries; would defendant be liable? Or let us assume that he had undertaken to swim a stream while in the line of his duty, and had been drowned; would there be a liability against defendant? We fail to discover it. Plaintiff was ordered to do certain work, namely, string wires. He was furnished the poles upon which to string them.

Without demanding further appliances of any kind, or informing defendant that others were needed, he proceeded with the work, and while so engaged called to his aid additional appliances of his own selection. He stands in the same position as though he had chosen for his use a frail plank or a rickety ladder, rather than a pepper tree.

As to the comparative knowledge of plaintiff and defendant, pertaining to the defects in the tree and the dangers arising from its use as an appliance, we pass the subject without consideration.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.